```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

RICHARD E. STONE,

     Plaintiff,

  -against-

THE NEW YORK STATE DIVISION OF
HUMAN RIGHTS,

     Defendant.

18-CV-3867 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, appearing *pro se*, brings this against the New York State Division of Human Rights (DHR), arising out of DHR's decision dismissing Plaintiff's discrimination complaint against his landlord. By order dated June 25, 2018, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the following reasons, the Court dismisses the complaint.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff's claims arise out of the DHR's handling of his discrimination complaint filed against his landlord, in which the DHR found "no probable cause to believe that the respondents . . . engaged in or are engaging in" discrimination. (Compl. at 5.) He seeks a judgment declaring that DHR's "investigation [was] invalid" and that its "administrative procedures violated [his] Due Process rights." (*Id.* at 2.) He also seeks monetary damages.

**DISCUSSION**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against the DHR are therefore barred by the Eleventh Amendment and are dismissed.

To the extent that Plaintiff challenges the outcome of the DHR proceeding, his claims are barred under the *Rooker-Feldman* doctrine. The doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection

of those judgments."). The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). Here, Plaintiff's complaint is barred under the *Rooker-Feldman* doctrine: he lost in state court, he complains of the DHR's handling of his discrimination complaint, and he asks this Court to vacate the DHR's decision.

## WARNING

Plaintiff recently filed three other cases in this Court, two of which were dismissed for lack of subject matter jurisdiction. *See Stone v. 23rd Chelsea Assoc., LLC*, No. 18-CV-3869 (UA) (S.D.N.Y., filed Apr. 30, 2018); *Stone v. NYC Landlord & Ten. Ct.*, No. 17-CV-6968 (CM) (S.D.N.Y. Oct. 25, 2017) (dismissed *sua sponte* for lack of subject matter jurisdiction); *Stone v. Alezy*, No. 12-CV-3522 (LAP) (S.D.N.Y. May 21, 2012) (same). In light of Plaintiff's litigation history, this Court finds that Plaintiff was or should have been aware of the scope of the federal courts' subject matter jurisdiction when he filed this action. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, the Court warns Plaintiff that further frivolous litigation in this Court will result in an order barring him from filing new actions *in forma pauperis* without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 28, 2018
        New York, New York

                                                COLLEEN McMAHON
                                            Chief United States District Judge